## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CVS Pharmacy, Inc., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 1:24-cv-00337-MSM-AEM |
| ) | |
| Adam S. Korn, ) | |
|     Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Intervenor the Chickasaw Nation (the "Nation") moved for entry of a protective order (a) permitting the Nation to designate material produced during discovery as "Confidential" and "Attorneys Eyes Only" and (b) restricting the use of material designated as "Confidential" or "Attorneys' Eyes Only" to this litigation only. (ECF No. 49.) Plaintiff CVS Pharmacy, Inc. ("CVS") does not object to a protective order that allows parties and non-parties to designate information as confidential, but it opposes the restriction that designated material can be used in this litigation only. (ECF No. 50.) Defendant Adam S. Korn did not weigh in.

## I.    STANDARD

Rule 26(c)(1) of the Federal Rules of Civil Procedure specifies that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.]"[1]  Rule 26(c)(1) further provides that "[t]he court

---

[1] CVS makes a threshold argument that the Nation does not have standing to move for a protective order in this case because CVS is not seeking documents from the Nation. This Court has heard motions for protective orders regarding discovery

may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" This may include orders "forbidding the disclosure or discovery," "specifying terms . . . for the disclosure or discovery," and "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *Id.*

As the movant, the Nation bears the burden of showing the "good cause" required by Rule 26(c)(1). *Walker v. IHI Power Servs. Corp.*, C.A. No. 23-57 WES, 2025 WL 949239, at *2 (D.R.I. Mar. 28, 2025) (citing *ClearOne Commc'ns., Inc. v. Chiang*, 276 F.R.D. 402, 403-04 (D. Mass. 2011)). A finding of good cause must be based on "a particular factual demonstration of potential harm, not on conclusory statements." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986).

## II. DISCUSSION

The Nation wants to prevent CVS from using discovery outside this litigation, contending there is good cause for a such a protective order because the documents sought "were all created during the course of a confidential arbitration proceeding" and some of the documents contain its "sensitive and confidential data." (ECF No. 49

---

sought not from the movant, so long as the movant "has a sufficient interest" in the discovery it is seeking to protect. *See March Assocs. Constr., Inc. v. Pawtucket Dev. Grp., LLC*, C.A. No. 20-00506-WES, 2022 U.S. Dist. LEXIS 148810, at *4 (D.R.I. Aug. 19, 2022). The Nation states that the documents CVS is seeking were created during and for purposes of the confidential arbitration between the Nation and CVS and contain the Nation's proprietary information. (ECF No. 49 at 6-7.) The Nation "has a sufficient interest" in the documents to be heard. *See March Assocs. Constr.*, 2022 U.S. Dist. LEXIS 148810 at *4-5.

at 6-7.)  CVS counters that the fact that it may use documents provided in discovery in this case in other proceedings is not good cause for a protective order.  (ECF No. 50 at 10-11.)

While the Nation alleges that the documents contain its sensitive and confidential pharmacy claims data, it does not specifically articulate what that information is or why disclosure of that information would cause "clearly defined" or "serious" harm.  *See Irizarry-Santiago v. Essilor Indus.*, 293 F.R.D. 100, 104 (D.P.R. 2013) (finding that disclosure of nineteen specific documents included in over 2000-page production response that are protected by company's confidentiality policy and consist of "business strategies, cost saving measures, operational trends, pricing, parts, item costs, purchasing, vendor information, confidential personnel data, litigation strategies, budget information, and sales volume" would cause a "clearly defined and serious injury to defendants' business"); *see also Amyndas Pharms., S.A. v. Alexion Pharms., Inc.*, C.A. No. 20-12254-LTS, 2024 WL 2025892, at *2 (D. Mass. May 7, 2024) (finding no good cause for protective order where movant did not articulate any potential harm, but rather flipped the burden of proof by requiring the party seeking to disclose discovery materials to show good cause).  The Nation does not explain why such disclosure, for example, would result in a competitive disadvantage, harm in the marketplace, or disclosure of trade secrets.  *See Wilson v. Pharmerica Corp. Long Term Disability Plan*, C.A. No. 14-cv-12345-LTS, 2015 WL 4572833, at *3 (D. Mass. July 29, 2015) (finding good cause for a protective order regarding certain financial arrangements because movant articulated that disclosure

of such documents could result in, for example, competitors undercutting their pricing or other vendors and consultants demanding more favorable arrangements); *United States v. Hooker Chems. & Plastics Corp.*, 90 F.R.D. 421, 425 (W.D.N.Y. 1981) (declining to find good cause for a protective order where movant "alleged in a most conclusory fashion that it will suffer certain injuries" but cited "no specific instances . . . where trade secrets will be disclosed or where [movant] will be put at a competitive disadvantage").[2]  The Nation also argues that a protective order is necessary to prevent CVS from using documents produced in discovery in this case in other arbitrations.  (ECF No. 49 at 5.)  The fact that CVS is using or will use documents provided here in other pending matters is not sufficient to establish "good cause" for a protective order.  *See Pharmachemie, B.V. v. Pharmacia, Inc.*, C.A. No. 95-40085-NMG, 1998 U.S. Dist. LEXIS 2192, at *6 (D. Mass. Jan. 30, 1998) (finding "the obvious detriment of having relevant patent information produced in this case used in a related foreign patent proceeding" is not sufficient "good cause"); *Hooker*, 90 F.R.D. at 426 ("Use of the discovery fruits disclosed in one lawsuit in connection with other litigation, and even in collaboration among plaintiffs' attorneys, comes squarely within the purposes of the Federal Rules of Civil Procedure.").

---

[2] The Nation asserts that the documents sought by CVS are subject to a Stipulated Protective Order governing the confidential arbitration proceeding between the parties, and that this Order "imposes on the parties to that arbitration an ongoing obligation to maintain the confidentiality of that arbitration."  (ECF No. 49 at 6.)  The Nation does not provide the Stipulated Protective Order or cite any authority for the proposition that this constitutes good cause for entry of a protective order in this case.

Additional factors present here that weigh against a finding of "good cause" are the amount of time that went by before the Nation filed for a protective order and the fact that the protective order is delaying its compliance with a court order, *see HAM IV Realty v. US Roof Coaters, Inc.*, C.A. No. 3:22-cv-30142-MGM, 2024 WL 5057700, at *2 (D. Mass. Dec. 10, 2024); *Malaro v. Wilkie*, C.A. No. 22-10548-NMG, 2025 WL 1745846, at *3 (D. Mass. June 24, 2025), as well as the fact that the information sought is relevant to issues in the related proceedings, *see Amyndas*, 2024 WL 2025892 at *3.

Based on the foregoing, the Nation's "conclusory statements" that the documents at issue contain its sensitive and confidential data and its concern that CVS is using the documents in other proceedings are not sufficiently "particular factual demonstration[s] of potential harm" to warrant a finding of good cause for the proposed protective order restricting the use of discovery to this litigation only. *See Anderson*, 805 F.2d at 7.

## III.  CONCLUSION

Intervenor the Chickasaw Nation's Motion for Entry of Protective Order restricting the use of material designated as "Confidential" or "Attorneys' Eyes Only" to this litigation only (ECF No. 49) is DENIED.  Nothing in this Memorandum and Order precludes the Nation, CVS, and Mr. Korn from moving for entry of a stipulated protective order containing mutually agreeable terms.

5

IT IS SO ORDERED.


/s/ Amy E. Moses
Amy E. Moses
United State Magistrate Judge

November 6, 2025